## Commonwealth v. Patrick J. Logan, Appellant.

*Criminal law—Fornication and bastardy—Reputation of defend-ant—Charge of court.*

On the trial of an indictment for fornication and bastardy, it is error for the court to charge, on the question of reputation for chastity, that the character testimony as to the morality of the prosecutrix and defendant is equal.

In prosecutions for fornication and bastardy evidence of good reputation is of special importance, if not to establish the inno-cence of the defendant, at least to create a reasonable doubt in the minds of the jury as to the commission of the offense. When re-quested the court should instruct the jury as to the purpose and effect of such testimony. Instructions that the prosecutrix and the defendant stand on an equality is not meeting this duty, as the reputation of the prosecutrix is not involved, and a failure to instruct the jury fully and adequately on this question constitutes reversible error.

Argued December 13, 1920. Appeal, No. 328, Oct. T., 1920, by defendant, from judgment of Municipal Court of Philadelphia, June Sessions, 1920, No. 516, on verdict of guilty in the case of Commonwealth of Pennsylvania ex rel. Irene McConaghy v. Patrick J. Logan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KEL-LER and LINN, JJ. Reversed.

Indictment for fornication and bastardy. Before MC-NICHOL, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

Error assigned, among others, was the charge of the court.

Eugene Raymond, and with him John Martin Doyle, for appellant.

*George A. Welsh,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY HENDERSON, J., March 5, 1921:

The defendant denied the commission of the offense charged in the indictment, and in support of this denial offered evidence tending to establish an alibi by showing that he was not in Philadelphia at the time when the prosecuting witness said the offense was committed, but in an adjoining county, and that his general reputation for chastity was good. To obviate the necessity of calling additional witnesses in attendance at court, on the latter subject, the district attorney admitted in open court that the defendant had always borne a good reputation in the community for chastity and morality. In the charge, the learned trial judge said: "You are not to be concerned with the morals of either the defendant or the prosecutrix. In your eyes they stand equal. Testimony has been given as to the morals of both of them. ......Remember, gentlemen, that before you both the defendant and the prosecutrix stand equal as to morals. It is not a question of their morals." At the close of the charge, the counsel for the defendant asked for instructions on the subject of reputation, whereupon the court said: "I have stated, gentlemen of the jury, that the character testimony as to morality on either side is equal. They both stand before you equally as to reputation, and of course that is substantial. You must take that into consideration. Remember that the reputation of the prosecutrix is equal for morality to that of the defendant, so far as the testimony that came from the stand is concerned." Exception is taken to the charge in the first three assignments of error. They raise the question whether the instruction was correct, and whether the charge was adequate on the subject of reputation. An accusation of the character of that preferred against the appellant is one not easily defended against.

The defense usually consists of the unsupported denial of the accused, and in some cases of contradictory evidence with respect to corroborating or collateral facts. In such cases, evidence of good reputation is of special importance, if not to establish the innocence of the defendant, at least to create a reasonable doubt in the minds of the jury as to the commission of the offense. It has been held in many cases to be substantive evidence like any other evidence tending to establish innocence. It is always admissible and must be considered by the jury. When requested, the court should instruct the jury as to the purpose and effect of such testimony. Instead of so doing, the learned trial judge stated to the jury that the prosecuting witness and the defendant stood on an equality as to reputation, and that the jurors must take that into consideration. This was leading the jurors away from the subject to which the attention of the court had been called by the defendant's counsel. The reputation for chastity of the prosecuting witness was not involved in the case. The Commonwealth would not have been permitted to call witnesses to establish that reputation. It is the defendant in a criminal case who may reply to the charge of the Commonwealth not only that he did not commit the offense, but that his reputation is of such a character as ought to lead the jury to believe it was unlikely that he would do so. The prosecuting witness was not on an equality, therefore, with the defendant in this respect, for the jury was not to consider her reputation for chastity as a potential factor in the case. She admitted her participation in the transaction of which the Commonwealth undertook to convict the defendant. It was a matter of no consequence, therefore, what her reputation for chastity may have been. If her reputation for veracity had been attacked, the Commonwealth would have been at liberty to fortify it by rebutting evidence, but there was no impeachment of her veracity. In the absence of instructions as to the bearing of the evidence on reputation and.

the effect it might produce, we think the jury could not have derived from the charge the information which would have been useful to them as to the consideration they should give that evidence. As in this case it was direct, strong and uncontradicted, it might have had an influence on the minds of the jurors, if they had understood its significance.

For the reasons stated, the judgment is reversed and the record remitted with a new venire.